UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

INRE:

| | | |
|---|---|---|
| ACTION IMPORTS, LP | § | CASE NUMBER 25-42025-MXM-11 |
| | § | |
| Debtor | § | CHAPTER 11 |

| | | |
|---|---|---|
| ACTION IMPORTS, LP | § | |
| | § | |
| Plaintiff | § | |
| v. | § | Adversary No. 25-04086-mxm |
| | § | |
| SCOTT PIKARSKY | § | |
| | § | |
| Defendant | § | |
| And | § | |
| | § | |
| PRO LINE SPORTS, LTD | § | |
| d/b/a STARMAKER DISTRIBUTION | § | |
| NORTH AMERICA and d/b/a | § | |
| STARMAKER DISTRIBUTION | § | |

# DEFENDANT SCOTT PIKARSKY'S ORIGINAL ANSWER AND COUNTERCLAIM

**TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:**

Defendant Scott Pikarsky ("Defendant" or "Pikarsky") files this Original Answer and Counterclaim to the First Amended Complaint ("Complaint") of Plaintiff Action Imports, L.P. ("Plaintiff" or "Action"). Defendant denies all allegations in the Complaint unless expressly admitted below.

## I.   PARTIES

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, which has the effect of a denial.

## II.   JURISDICTION AND VENUE

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits that the filings referenced in Paragraph 5 of the Complaint make the allegations and requested relief described. Defendant denies that such claims have any merit or valid legal basis.

6. Paragraph 6 of the Complaint asserts a legal conclusion, not a factual allegation for which admission or denial is required.

7. Paragraph 6 of the Complaint asserts a legal conclusion, not a factual allegation for which admission or denial is required.

## III.   FACTUAL BACKGROUND

8. Defendant admits that Plaintiff's business includes importing certain merchandise from

---

**DEFENDANT'S ORIGINAL ANSWER**

foreign countries and selling at wholesale prices to retailers for resale in their stores including in the travel store/service station industry, that Plaintiffs' customers include retailers such as 7-11 and Kroger, that Plaintiff met with and employed Defendant in or around July 2016, and that Defendant signed a Non-Disclosure Agreement and Confidentiality Agreement with Plaintiff. Otherwise, Defendant denies the allegations in Paragraph 8 of the Complaint.

9.      Defendant admits that he became VP of Sales, that in the months leading up to the filing of the Chapter 11 petition herein Plaintiff had financial difficulties and lost a customer (Love's), and that Plaintiff made some sales to customers with the agreement that product could be returned including for credit. Otherwise, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Plaintiff admits that approximately one year ago Love's requested the return of a large quantity of merchandise and repayment of store credit, that the relationship with Love's deteriorated, that Love's directed Plaintiff to remove and/or discontinue some merchandise programs from its stores, and that this resulted in Plaintiff owing Love's store credits. Otherwise, Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant admits that he helped bring Pilot Travel Centers to Plaintiff as a customer, and that Plaintiff later lost its business with Pilot. Otherwise, Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits that Plaintiff began negotiations with Starmaker, and that Defendant knew Tim Shearer before those negotiations. Otherwise, Defendant either denies or lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, which has the effect of a denial.

14.     Defendant admits that he was aware of discussions with Starmaker, and that he tendered

his resignation to Plaintiff. Otherwise, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant admits that he took a position with Starmaker. Otherwise, Defendant denies the allegations in Paragraph 15 of the Complaint.

### IV.    COUNT I -BREACH OF CONTRACT AS TO PIKARSKY

16. Paragraph 16 of the Complaint is an incorporation paragraph and does not require an admission or denial.

17. Defendant admits that he accepted an offer to become an employee of Plaintiff, and that he entered into and signed a Non-Disclosure Agreement and Confidentiality Agreement. The agreements speak for themselves, and Defendant denies any allegations regarding the agreements that are contrary to the terms of the agreements. Otherwise, Defendant denies the allegations in Paragraph 17 of the Complaint.

### V.    COUNT II -TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONSHIPS  AS TO PIKARSKY

18. Defendant admits that he accepted an offer to become an employee of Plaintiff, and that he entered into and signed a Non-Disclosure Agreement and Confidentiality Agreement. The agreements speak for themselves, and Defendant denies any allegations regarding the agreements that are contrary to the terms of the agreements. Otherwise, Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that he took a position with Starmaker. Otherwise, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that he signed a Non-Disclosure Agreement and Confidentiality Agreement with Plaintiff. Defendant denies that those contracts are valid in every respect.

21. Defendant admits that Plaintiff had ongoing contracts with certain vendors which he had

knowledge of, and that Defendant knew of Plaintiffs' interest in contracts with certain vendors. Otherwise, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff seeks damages, but denies that any damages were suffered or are recoverable.

### VI.  COUNT III - THEFT LIABILITY ACT AS TO PIKARSKY

25. Paragraph 25 of the Complaint is an incorporation paragraph which does not require any admission or denial.

26. Defendant admits Plaintiff is bringing a claim under the Texas Theft Liability Act, but denies that such claim has any merit or valid legal basis.

27. Defendant admits that Plaintiff had certain proprietary property, but denies that the information or alleged property at issue was proprietary to Plaintiff.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

### VII.  COUNT IV -TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS AS TO STARMAKER

30. Paragraph 30 of the Complaint is an incorporation paragraph which does not require any admission or denial.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, which has the effect of a denial.

32. Defendant admits that as a sales manager for Plaintiff, he had knowledge of some prospective business relationships. Otherwise, Defendant denies the allegations in Paragraph 32 of the Complaint.

---

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff seeks damages, but denies that Plaintiff is entitled to recover any damages as alleged.

## VIII. COUNT V - BREACH OF CONTRACT AS TO STARMAKER

36. Paragraph 36 of the Complaint is an incorporation paragraph that does not require an admission or denial.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, which has the effect of a denial.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, which has the effect of a denial. Defendant specifically denies any wrongdoing or damages.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, which has the effect of a denial. Defendant specifically denies any wrongdoing or damages.

## IX. COUNT VI - COMMON LAW FRAUD

40. Paragraph 40 of the Complaint is an incorporation paragraph and does not require an admission or denial.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

**DEFENDANT'S ORIGINAL ANSWER**

## X.   ATTORNEY'S FEES

44.   Defendant denies the allegations in Paragraph 44 of the Complaint. To the contrary, Defendant is entitled to recover from Plaintiff his reasonable attorney's fees and costs, including under Tex. Civ. Prac. & Rem. Code § 134.005(b).

## XI.   AFFIRMATIVE DEFENSES

45.   Defendant assets the following defensive matters, in the alternative, without conceding that such matters are all affirmative defenses for which Defendant bears the burden of proof.

46.   Defendant is not liable, in whole or part, because the contract(s) that Plaintiff seeks to enforce impose an unreasonable restraint on trade, are unenforceable as a matter of public policy, is not ancillary to or part of an otherwise enforceable agreement, and/or contains limitations as to time, geographical area, and scope of activity to be restrained that are unreasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

47.   Defendant is not liable, in whole or part, due to the doctrines of waiver, estoppel, acquiescence, unclean hands, and/or consent.

48.   Defendant is not liable, in whole or part, due to lack or failure of consideration.

49.   Defendant asserts the right to offset and recoupment, including for damages owed by Plaintiff to Defendant for unpaid commissions.

50.   Plaintiff's own actions or omissions caused or contributed to the alleged injury and/or principles of proportionate responsibility should be applied.

51.   Defendant is not liable, in whole or part, based on the doctrine of privilege, as he was exercising his own rights in good faith and/or has a right that is equal to or greater than that of the contracting party in the subject matter of the contract.

52.   Defendant is not liable, in whole or part, because the alleged statements would constitute

the giving of truthful information or honest advice within the scope of a request for advice.

53. Defendant is not liable, in whole or part, based on the doctrine of justification, as he was exercising (1) his own legal rights and/or (2) a good-faith claim to a colorable legal right, even if that claim ultimately proves to be mistake.

54. Plaintiff's claims are barred, in whole or part, to the extent Defendant had an economic interest in the matter with reference to which he wishes to influence the policy of another, the desired policy did not unlawfully restrain trade or otherwise violate an established public policy, and the means employed were not wrongful.

55. Plaintiff failed to properly mitigate damages.

## XII.    COUNTERCLAIM

### A.    COUNT 1 – Breach of Contract

56. Defendant was hired by Plaintiff as a regional sales manager on or around July 2016. As part of his compensation, he was entitled to receive commissions on all new business he generated.

57. Plaintiff has failed to pay Defendant the full amount of commissions earned and owed for the years 2022, 2023, and 2024. The total unpaid commission balance is estimated to exceed $650,000.

58. The agreement between Plaintiff and Defendant is a valid and enforceable contract.

59. Defendant fully performed its contractual obligations under the agreement and/or was excused from performing.

60. Plaintiff breached the agreement by failing and refusing to pay Defendant the amount due and owing pursuant to the terms of the agreement.

61. Plaintiff's breach was the proximate cause of Defendant's damages, which exceed $650,000.

---

**DEFENDANT'S ORIGINAL ANSWER**

62.     In addition to outstanding commissions due under the agreement, Defendant is entitled to recover attorneys' fees and costs incurred as a result of this matter pursuant to Texas Civil Practices and Remedies Code § 38.001, *et seq*.

## PRAYER

Based on the foregoing, Defendant Scott Pikarsy respectfully requests that the Court deny all relief sought by Plaintiff Action Imports, L.P. in this suit, enter a take-nothing judgment, and award Defendant the following relief: (a) actual damages; (b) pre-judgment interest as provided by law; (c) post-judgment interest as provided by law; (d) reasonable attorneys' fees, costs, and other litigation expenses incurred as a result of this matter, and (e) any other relief, either at law or equity, which Defendant is entitled to recover.

Respectfully submitted,

**VELA WOOD STALEY YOUNG, P.C.**
1211 E. 4th Street, Suite 210
Austin, Texas 78702
(512) 813-7300

By: */s/  Matt C. Wood*
Matt C. Wood
State Bar No. 24066306
mwood@velawood.com

**ATTORNEY FOR DEFENDANT
SCOTT PIKARSKY**

---

**DEFENDANT'S ORIGINAL ANSWER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record herein by way of:

  ☐ U.S. Mail, First Class
  ☐ Certified Mail
  ☐ Facsimile
  ☐ Federal Express
  ☐ Hand Delivery
  ☒ E-Service

on August 8, 2025.

                /s/ *Matt C. Wood*
                Matt C. Wood

**DEFENDANT'S ORIGINAL ANSWER**